Mark F. Anderson (SBN 44787)
mark@aoblawyers.com
Anderson, Ogilvie & Brewer LLP
235 Montgomery Street, Suite 914
San Francisco, CA 94104
Phone: (415) 651-1951
Email: mark@aoblawyers.com

Attorneys for Plaintiff Fredrick Alexander

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| Fredrick Alexander,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>Paul Blanco's Good Car Company of Oakland, a California corporation;<br><br>　　　　Defendant. | Case No.<br><br>COMPLAINT<br><br>(Fair Credit Reporting Act<br>15 USC § 1681 *et seq*)<br><br>DEMAND FOR JURY TRIAL |

**Preliminary Statement**

1. This is an action for damages brought by plaintiff Fredrick Alexander against defendants Paul Blanco's Good Car Company of Oakland Bank for violations of the Fair Credit Reporting Act, 15 USC §1681 *et seq*. (FCRA) and the California Civil Code, §§ 1785.25(a) and 1787.92.

**The Parties**

2. Plaintiff Fredrick Alexander is an individual consumer who lives in Alameda, California.

3. Defendant Paul Blanco's Good Car Company of Oakland is a licensed used car dealer with its principal place of business in Oakland, California ("Paul Blanco's).

**Jurisdiction & Venue**

4. The court has federal question jurisdiction over the FCRA claims pursuant to 15 USC §1681p.

5. The court has supplemental jurisdiction over the state law claims pursuant to 15 USC § 1367.

6. The defendant regularly conducts business in this district and the events described in this complaint arose in this district.

**Description of the Case**

**First Claim: Violation of the Fair Credit Reporting Act, 15 USC § 1681s-2(b) – Against Defendant Paul Blanco's Good Car Company of Oakland**

7. Plaintiff incorporates by reference ¶¶ 1-6.

8. Part of the information that Experian and the other nationwide credit reporting agencies include in their consumer reports are lists of persons who obtained a consumer report on that consumer within the past two years. The agencies report the name and address of the person and the date the obtained the consumer report. Each name, address and date is known as an inquiry.

9. Inquiry information is included on a credit report because it is part of a consumer's credit history. The inquiry information identifies the persons with whom the consumer has sought credit and shows how often the consumer has sought credit.

10. Inquiries have a negative impact on a consumer's credit score. The more inquiries, the lower the score. That is because the credit scoring programs view each inquiry as an application for credit by that consumer and a consumer who makes multiple inquiries is considered a greater risk than a consumer who does not.

11. Inquiry information is often inaccurate. Sometimes, as in this case, an inquiry will be on a consumer's credit report although the consumer did not seek credit or did not authorize the creditor to access his or her credit files.

12. There are two general types of inquiries, "hard" and "soft." Hard inquiries are those generated in response to an application for credit, insurance, employment or other consumer-initiated transaction. Hard inquiries show up on credit reports sent to creditors and others who have agreements with Experian, Trans Union and/or Equifax to access consumers' credit files.

13. Soft inquiries are inquiries that appear when a potential creditor sends a pre-approved offer of credit to a consumer or when an existing creditor conducts an account review. Soft inquiries do not show up on credit reports sent to the credit bureaus' subscribers. Soft inquiries do not affect consumers' credit scores.

14. When a consumer notices inquiries that should not be on his or her report, a consumer should be able to get the credit reporting agencies to investigate the matter. However, the three nationwide credit reporting agencies refuse to investigate whether inquiries belong on consumers' credit disputes.

15. Plaintiff Alexander visited the Paul Blanco's dealership on January 15, 2016, to shop for a used car. At that time, plaintiff authorized the salesman to access his credit files. The dealer's act of accessing his credit files resulted in a hard inquiry on plaintiff's Experian consumer report. Plaintiff did not buy a car from the dealer on that day or at any time thereafter.

16. On June 9, 2016, plaintiff Alexander visited the Paul Blanco's dealership a second time. On this occasion, the salesman asked for the last four digits of his telephone number so he could "pull the file." Plaintiff specifically told the salesman that he was not authorizing him to access or pull his credit reports. Plaintiff explained that he and his wife were in the process of obtaining a mortgage to buy a house and he did not want his credit score reduced by another inquiry. The salesman said he understood. On that occasion, plaintiff Alexander did not negotiate to buy a car or ask the dealer to apply for financing to purchase a car.

17. On June 11, 2016, in a telephone conversation he initiated, the Paul Blanco's salesman told plaintiff Alexander "we can finance" a car and that his credit score was 683. Plaintiff asked how

the salesman knew that was true. The salesman responded by saying he had accessed plaintiff's credit files. When plaintiff asked why he had done so, the salesman said "that's what we do."

18. On the same day the salesman called, plaintiff spoke to a manager named Bob, who initially denied anyone had accessed his credit files on June 9, 2016. After plaintiff explained the salesman knew his credit score, Bob promised to retract the inquiry on his credit reports; however, the dealer did not do so.

19. Plaintiff's current Experian report lists hard inquiries on three dates—January 5, 2016, which plaintiff authorized and on May 2, 2016, and on June 9, 2016, which are inquiries plaintiff did not authorize.

20. Defendant Paul Blanco's accessed plaintiff's credit files on May 2 and June 9, 2016, for the sole purpose of determining how much a finance company would loan to plaintiff if he applied for credit to purchase a car. Under the FCRA, this is not a permissible purpose for accessing a consumer's credit files.

21. Defendant Paul Blanco's violated 15 USC § 1681b(f)(1), which provides that "[a] person shall not use or obtain a consumer report for any purpose unless—(1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section [§ 1681b] …."

22. As a result of defendants' conduct, plaintiff has suffered actual damages in the form of (a) lost credit opportunities, b) harm to his credit reputation and credit score, and (c) emotional distress in the form of mental pain, anguish, humiliation, embarrassment, anxiety and frustration.

23. Paul Blanco's Good Car Company of Oakland is liable for actual damages and statutory damages pursuant to §§ 1681n and 1681o.

//
//

**Second Claim: Violation of the California Consumer Credit Reporting Agencies Act, California Civil Code §§ 1785.25 (a) – Against Defendant Paul Blanco's Good Car Company of Oakland Bank (U.S.A), N.A.**

24. Plaintiff incorporates by reference ¶¶ 1-23.

25. California Civil Code § 1785.25 (a) states that a "person shall not furnish information on a specific transaction or experience to any consumer credit reporting agency if the person knows or should know the information is incomplete or inaccurate."

26. Defendant Paul Blanco's Good Car Company of Oakland negligently and willfully furnished information to the credit reporting agencies it knew or should have known was inaccurate.

27. Based on these violations of Civil Code § 1785.25 (a), plaintiff is entitled to the remedies afforded by Civil Code § 1785.31, including actual damages, attorney's fees, pain and suffering, injunctive relief, and punitive damages in an amount not less than $100 nor more than $5,000, for each violation as the Court deems proper.

## PRAYER

WHEREFORE, plaintiff prays for judgment as follows:

1. Actual, statutory and punitive damages;
2. On the Second Claim, injunctive relief;
3. On the Second Claim for relief, punitive damages of $5,000;
4. Costs and attorney's fees; and
5. Such other relief as the Court may deem proper.

Dated: June 24, 2016.

ANDERSON, OGILVIE & BREWER LLP

By  /s/ *Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff

//

//

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DEMAND FOR JURY TRIAL

Plaintiff demands a trial by jury on all issues.

Dated: June 24, 2016.

ANDERSON, OGILVIE & BREWER LLP


By */s/ Mark F. Anderson*
Mark F. Anderson
Attorney for Plaintiff